**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LATANA WILLIAMS**                                            **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO.:1:09CV102-SA-DAS**

**CITY OF TUPELO, MISSISSIPPI**                          **DEFENDANT**

**ORDER**

Presently before the Court are Motions In Limine [86, 87] filed by Defendant City of Tupelo. Through these motions, Defendant seeks to exclude evidence concerning the City of Tupelo's hiring practices as well as evidence regarding events involving previous lawsuits, specifically a lawsuit filed by Bryant Stubbs, filed against Defendant.

   a. <u>Hiring Practices</u>

Plaintiff, Latana Williams, was conditionally hired as an office with the Tupelo police force pending her successful completion of the North Mississippi Law Enforcement Training Center. The decision to hire Plaintiff was made by then police chief, Harold Chaffin. Defendant contends that Chaffin also made the decision to terminate Plaintiff. According to Defendant, the "same actor inference" should apply and exclude Plaintiff from presenting evidence of the City's hiring practices. Under the so-called "same actor" doctrine, when the same decision maker both hires and terminates an employee, the defendant employer is entitled to an inference that the termination decision was not motivated by a discriminatory reason. See <u>Faruki v. Parsons S.I.P., Inc.</u>, 123 F.3d 315, 321 n.3 (5th Cir. 1997) ("Where, as here, the same actor hires and fires an employee, an inference that discrimination was not the employer's motive in terminating the employee is created."); <u>Sreeram v. Louisiana State Univ. Med. Ctr.-Shreveport</u>, 188 F.3d 314, 321 (5th Cir. 1999) (same); <u>Nieto v. L&H Packing Co.</u>, 108 F.3d 621, 624 (5th Cir. 1997) (same-

actor inference). However, this "same actor inference" is inapposite to Defendant's motion in limine, as the doctrine is (of course) not a rule *of evidence*. Further, as has been consistently argued, Plaintiff's theory here is that, while Chaffin may not himself have a racial bias, he was allegedly influenced by other officers who displayed such animus.

Defendant additionally asserts that the hiring practices of Tupelo are irrelevant to Plaintiff's claim, as Plaintiff was indeed conditionally hired by the City. In response to this, Plaintiff asserts that the Fifth Circuit, when ruling on this case, relied upon evidence of Defendant's hiring practices.[1] Plaintiff also avers that Defendant's motion in limine essentially forces Plaintiff to make an election of theories, which is contrary to the Federal Rules of Civil Procedure. Because the Court needs more information on the specifics of how Plaintiff would intend on using any given hiring practice of the City, if such evidence was deemed admissible, the Court defers ruling on this motion until trial.

b. Prior Lawsuits

Defendant next seeks to limit Plaintiff or her counsel from eliciting testimony or presenting evidence regarding any events involving Bryant Stubbs or any other previous lawsuits filed against the City of Tupelo. As background, the Court notes that—in a separate action—Bryant Stubbs, an African-American male, filed suit against the City of Tupelo alleging race discrimination in regards to his treatment at the North Mississippi Law Enforcement Training

---

[1] Specifically, the Fifth Circuit stated as follows,

> In addition to Williams, the cadet class consisted of sixteen men: three black and thirteen white. Since 2004, TPD has hired seven black males, including the three in Williams's class, but no black females. Only one black woman has graduated from the Academy since 2004, and she was not a TPD hire. From Williams's class, nine cadets—all white males—graduated.

Williams v. City of Tupelo, 414 F. App'x 689, 691 (5th Cir. 2011).

Center in October of 2008. Stubbs' complaints concerned his treatment during the physical exercise portion at the training center, and such allegations did not relate to his gender. The lawsuit was eventually settled. Defendant asserts that any evidence concerning the Bryant Stubbs lawsuit is not only irrelevant, but also prejudicial.

Plaintiff responds by conceding that "evidence concerning Stubbs' filing suit or the settlement of that suit is not relevant." Given this, Defendant's motion is granted insofar as it relates to the filing of the lawsuit or the settlement of the same. Yet, Plaintiff goes on to assert that she should not be prohibited from presenting evidence related to the treatment of Stubbs or any other African American. According to Plaintiff, such evidence is admissible under Federal Rule of Evidence 404(b), which permits evidence of other acts as proof of motive and intent. Before such evidence concerning Bryant Stubbs will be deemed admissible, or inadmissible, the Court will first hear from the parties on this issue. Parties should be prepared for a hearing on this issue at trial. Accordingly, Defendant's motion is granted in part and deferred in part.

So ordered on this, the __12th__ day of __January__, 2012.

/s/   Sharion Aycock
**UNITED STATES DISTRICT JUDGE**